10-1364-cv
Donaldson v. New York City Dep't of Educ.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of September, two thousand eleven.

PRESENT:

PIERRE N. LEVAL,
PETER W. HALL,
RAYMOND J. LOHIER, JR.,
            *Circuit Judges*.

_____

JOHN DONALDSON,

                        *Appellant*,

                v.

                                                    No. 10-1364-cv

NEW YORK CITY DEPARTMENT OF EDUCATION,
                        *Appellee*.

_____

FOR APPELLANT:              JOHN GERARD BLISS, Law Firm of Jack Bliss (John
                            Donaldson, *pro se*, *on the brief*),
                            White Plains, New York.

FOR APPELLEE:               MICHAEL A. CARDOZO, Corporation Counsel of the
                            City of New York (Kristin M. Helmers and Janet L.
                            Zaleon, *of* Counsel).

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gleeson, *J.*).  **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that the judgment of the district court is **AFFIRMED**.

John Donaldson appeals from the dismissal of his complaint alleging breach of contract under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  We assume the parties' familiarity with the facts and procedural history.  We note that Donaldson appeared *pro se* in the district court proceedings and on the briefs on appeal.  He has since obtained counsel.

We review *de novo* a district court's grant of a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).  Although we liberally construe Donaldson's *pro se* complaint, *Triestman*, 470 F.3d at 474, the complaint must contain sufficient factual matter "'to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949 (2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Donaldson argues that the district court ought to have construed his claim that the New York City Department of Education breached the settlement agreement as one arising under 42 U.S.C. § 1983.  He maintains that the facts of the complaint made clear that: the Department was acting "under the color of law" in reaching and breaching the settlement agreement; the Department's actions prevented him from obtaining other employment as a teacher and therefore deprived him (and continue to deprive him) of his liberty and property rights in employment; because he was forced into early retirement he has lost income; the Department deprived him of a hearing with respect to the charges filed against him of insubordination and causing a student riot; and the charge of insubordination was brought in retaliation for his union activities.  He also

contends that to the extent the student riot was attributable to him the students were exercising their First Amendment rights, and thus he should not have been punished.

We need not reach whether the Department's actions might form the basis of a cognizable section 1983 action because such a claim would be untimely. Donaldson's complaint, filed on June 23, 2009, alleges that the June 28, 2004 "unsatisfactory" performance review has prevented him from obtaining another teaching position and that he was deprived of a hearing with respect to the 2003 allegations of insubordination and inciting a student protest. His complaint falls well outside the three-year statute of limitations for section 1983 claims brought in New York. *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004).

## IV. Conclusion

Accordingly, the district court properly dismissed the complaint.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk